UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RICHARD L. LONG,         )
                         )
    Petitioner,          )
                         )
v.                       )    Nos:  3:03-cr-45
                         )          3:08-cv-32
                         )          (PHILLIPS/GUYTON)
UNITED STATES OF AMERICA,)
                         )
    Respondent.          )

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Richard L. Long ("petitioner"). The government has filed its response to the § 2255 motion and petitioner has filed his reply to that response. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

I.      Standard of Review

This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

In a six-count superseding indictment, petitioner was charged with felon in possession of a firearm (count one), possession with intent to distribute alprazolam (Xanax) (count two), possession with intent to distribute cocaine (count three), possession with intent to distribute dihydrocodeinone (count four), possession with intent to distribute diazepam (Valium) (count five), and carrying a firearm during and in relation to drug trafficking crimes (count six). [Criminal Action No. 3:03-cr-45, Court File No. 22, Superseding Indictment]. After his motion to suppress was denied, petitioner agreed to plead guilty to counts one, three, and six of the superseding indictment and the government agreed to dismiss the remaining counts; petitioner reserved the right to appeal the denial of his motion to suppress. [*Id.*, Court File No. 68, Plea Agreement]. He was sentenced to concurrent terms of imprisonment of 120

months on counts one and three, and a consecutive term of 60 months on count six, for a total effective sentence of 180 months in prison. [*Id.*, Court File No. 82, Judgment].

On appeal, the Sixth Circuit affirmed the denial of petitioner's motion to suppress. *United States v. Long*, 464 F.3d 569 (6th Cir. 2006), *cert. denied*, 549 U.S. 1240 (2007). In support of his § 2255 motion, petitioner alleges the following eight grounds, as paraphrased by the court:

1. Counts two, three, four, and five of the superseding indictment failed to charge a cognizable felony drug offense because the counts failed to charge the amount of drugs involved.

2. Count one of the superseding indictment failed to charge a cognizable federal offense because it failed to allege that petitioner's possession of the firearm was unlawful.

3. Petitioner's rights to a speedy trial and a speedy indictment were violated.

4. Counts two, three, four, five, and six of the superseding indictment failed to charge a cognizable federal offense because the counts failed to charge a nexus to interstate and foreign commerce.

5. The attorney for the government committed prosecutorial misconduct when he filed a notice of enhanced sentencing and sought a superseding indictment in retaliation for petitioner's rejection of the plea offer on the original indictment.

6. The court's acceptance of petitioner's guilty plea did not comply with the requirements of Rule 11(b) of the Federal Rules of Criminal Procedure.

7. Petitioner is actually and factually innocent of the charges.

8. Petitioner received the ineffective assistance of counsel at trial and on appeal.

The court will consider each of these claims in turn.

3

III. Discussion

> **1. Counts two, three, four, and five of the superseding indictment failed to charge a cognizable felony drug offense because the counts failed to charge the amount of drugs involved.**

Petitioner alleges that because the drug counts only charged that he possessed with intent to distribute a specified controlled substance, without specifying the quantity of the drug, the counts charged him with only a misdemeanor offense and not a felony offense. Petitioner pleaded guilty to count three; counts two, four, and five were dismissed on motion of the government and thus petitioner's claim as to counts two, four, and five lacks merit. With respect to count three, petitioner has waived this claim.

By pleading guilty, petitioner waived any right he had to challenge the sufficiency of the superseding indictment. *See United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982) (a plea of guilty is an admission of all material facts alleged in the charge and constitutes a waiver of all non-jurisdictional defects and defenses); *see also United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995) ("Any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily.").

In fact, in his plea agreement, petitioner waived the right the file a motion pursuant to 28 U.S.C. § 2255 for any reason other than claims of ineffective assistance of counsel or

4

prosecutorial misconduct. [Court File No. 68, Plea Agreement, p. 5, ¶ 13]. Such a waiver is enforceable. *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) ("Accordingly, we hold that a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief."); *see also In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) ("We have held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable.") (citations omitted). Accordingly, petitioner waived the right to challenge the sufficiency of the superseding indictment as to the drug count.

**2. Count one of the superseding indictment failed to charge a cognizable federal offense because it failed to allege that petitioner's possession of the firearm was unlawful.**

Petitioner alleges that, because count one did not state that his possession of the firearm was unlawful, it failed to charge him with a federal offense. By pleading guilty, petitioner waived the right to challenge the sufficiency of the superseding indictment as to the felon in possession count.

**3. Petitioner's rights to a speedy trial and a speedy indictment were violated.**

Petitioner alleges that the trial court and the attorney for the government violated his rights to a speedy trial and a speedy indictment. By pleading guilty, petitioner waived the right to claim his speedy trial rights were violated.

**4. Counts two, three, four, five, and six of the superseding indictment failed to charge a cognizable federal offense because the counts failed to charge a nexus to interstate and foreign commerce.**

Petitioner claims that the drug counts and count charging use of a firearm during a drug trafficking offense failed to charge a nexus to interstate and foreign commerce. By pleading guilty, petitioner waived the right to challenge the sufficiency of the superseding indictment in this regard.

**5. The attorney for the government committed prosecutorial misconduct when he filed a notice of enhanced sentencing and sought a superseding indictment in retaliation for petitioner's rejection of the plea offer on the original indictment.**

The original indictment, filed on April 1, 2003, charged petitioner solely with being a felon in possession of a firearm. [Court File No. 1, Indictment]. On September 16, 2003, the Grand Jury returned the six-count superseding indictment against petitioner. On April 13, 2004, the day before the jury trial was to commence, the government filed an information and notice pursuant to 21 U.S.C. § 851 of its intention to seek enhanced penalties based upon petitioner's prior felony drug convictions. [Court File No. 65, Information and Notice].

Petitioner claims that the government sought the superseding indictment after he refused to plead guilty to the original indictment and in retaliation for his decision to exercise his right to a jury trial. According to petitioner, the original plea offer was nine years for a charge that carried a maximum sentence of ten years, and after the superseding indictment was returned he faced a sentence of up to 40 years. Petitioner argues that he was clearly

6

punished by a vindictive prosecutor for wanting to exercise his constitutional right to stand trial.

The Sixth Circuit has held that such a claim of prosecutorial misconduct is "effectively foreclosed" by *Bordenkircher v. Hayes*. *United States v. DeJohn*, 368 F.3d 533, 545 (6th Cir.), *cert. denied*, 543 U.S. 988 (2004) (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 363-65 (1978)). "This circuit has consistently indicated that when the right asserted by the defendant is simply the right to go to trial, an additional charge entered after a failed plea bargain cannot, after *Hayes*, form the substance of a viable vindictive prosecution claim." *Id*. (citations omitted). Petitioner is not entitled to relief on this claim.

### 6. The court's acceptance of petitioner's guilty plea did not comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

Petitioner claims that the district court failed to comply with the requirements of Rule 11 in accepting his guilty plea and thus failed to ensure that his plea was truly voluntary. Petitioner also claims that there was never stated on the record a factual basis for his guilty plea. These allegations are contradicted in the record.

The factual basis, which was signed by petitioner, set forth the facts underlying his guilty plea to counts one, three, and six of the superseding indictment. [Court File No. 69, Agreed Rule 11 Factual Basis]. In his written plea agreement, petitioner acknowledged that the court could impose any lawful term of imprisonment up to the statutory maximum [Court File No. 68, Plea Agreement, p. 2, ¶ 3], and that the district court would determine an appropriate sentence under the sentencing guidelines. [*Id*. at 2, ¶ 5].

7

In accepting petitioner's guilty plea, the court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. [Court File No. 91, Transcript of Change of Plea]. The court first determined that petitioner had read, understood and signed the Agreed Rule 11 Factual Basis. [*Id.* at 19]. The court next determined that petitioner understood the nature of the charges against him and the elements of the offenses charged that the government was required to prove beyond a reasonable doubt. [*Id.* at 21-22]. The court then advised petitioner of the maximum penalties for the charges he was facing [*id.* at 24] and that the court would determine his sentence after consideration of the sentencing guidelines [*id.* at 24]. The court also advised petitioner of the rights he was waiving by pleading guilty. [*Id.* at 25-26]. Upon questioning by the court, petitioner denied that he had been promised a lighter sentence in return for pleading guilty and admitted that he was pleading guilty because he was in fact guilty. [*Id.* at 27]. Petitioner's claim that the court failed to adhere to the requirements of Rule 11 lacks merit.

    **7.**    **Petitioner is actually and factually innocent of the charges.**

Petitioner alleges that he is innocent of the charges in counts one, three, and six based upon the previously alleged deficiencies in the superseding indictment. The court has found that petitioner waived those claims; therefore this claim of actual and factual innocence lacks merit.

Petitioner also alleges that he is innocent of count six of the superseding indictment, which charged him with carrying a firearm during and in relation to drug trafficking crimes,

on the basis of double jeopardy. According to petitioner, the firearm used in this count was the same as the firearm in count one, which charged him with being a felon in possession of a firearm. This claim lacks merit. *See United States v. Stotts*, 176 F.3d 880, 890 (6th Cir. 1999) (holding that § 924(c) and § 922(g) are separate offenses for double jeopardy purposes, and that the government can rely on the same firearm to support both offenses).

Petitioner also claims innocence because the gun played no part in a drug transaction. Petitioner has waived this claim which, in any event, lacks merit. Petitioner was charged with possession with intent to distribute cocaine, not distribution of cocaine, and he carried the gun during and in relation to that offense.

Petitioner further alleges that he is innocent of count one because his right to possess a firearm under Tennessee state law had been automatically restored upon the expiration of his term of parole. This claim has been waived and, in any event, lacks merit. Under Tennessee law, a defendant's civil rights are not restored automatically; rather, a defendant may petition the court to have his rights restored after completion of his term of imprisonment. *See* Tenn. Code Ann. § 40-29-101.

**8.  Petitioner received the ineffective assistance of counsel at trial and on appeal.**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth

9

> Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Petitioner first contends that he did not make a valid waiver of his right to counsel at the suppression hearing. Kim Tollison of the Federal Defender Services of Eastern Tennessee, Inc. was first appointed to represent petitioner. [Court File No. 12, Order]. After petitioner filed a *pro se* motion to appoint new counsel [Court File No. 28, Motion (Under Seal)], the magistrate judge conducted a hearing on the motion, which was granted [Court File No. 30, Memorandum and Order] and Mike Whalen was appointed to represent petitioner [Court File No. 32, Order]. Petitioner next filed a *pro se* motion to relieve Mike Whalen as counsel of record [Court File No. 36, Motion (Under Seal)] and Mr. Whalen filed

10

a motion to withdraw [Court File No. 34, Motion]. After a hearing on the motions, Mr. Whalen's motion to withdraw was granted by the magistrate judge [Court File No. 37, Memorandum and Order]. Kenneth Irvine was then appointed by magistrate judge to represent petitioner; petitioner was admonished that he would not be appointed a fourth attorney if he could not get along with Mr. Irvine, but would have to retain counsel or proceed *pro se*. [Court File No. 38, Memorandum and Order]. Petitioner subsequently sent a letter to the court complaining of Mr. Irvine's representation. [Court File No. 39, Letter (Under Seal)].

When the parties appeared for the suppression hearing on January 23, 2004, Mr. Irvine made an oral motion to withdraw, stating there was an irreconcilable conflict between him and the petitioner. The court advised petitioner that he was expected to proceed *pro se* or with retained counsel if Mr. Irvine were allowed to withdraw, and petitioner stated that either way he wanted Mr. Irvine removed. The court then granted the motion to withdraw, but ordered him to remain as standby counsel, and rescheduled the suppression hearing for January 30, 2004. [Court File No. 41, Memorandum and Order]. The suppression hearing was held as scheduled and petitioner appeared *pro se* with standby counsel. [Court File No. 49, Transcript].

Petitioner claims that he did not knowingly waive his right to counsel. This allegation is contradicted in the record. Petitioner had three competent attorneys appointed to represent him. He was told there would not be a fourth, and he would have to proceed *pro se* if he

11

could not get along with Mr. Irvine. Petitioner chose to have Mr. Irvine relieved of his responsibility as counsel of record and to proceed *pro se*. This claim lacks merit.

Petitioner next contends that standby counsel was constitutionally ineffective because he failed to investigate the case and never discussed defense strategy with petitioner. This claim lacks merit. By choosing to proceed *pro se*, petitioner cannot now claim ineffective assistance of counsel. *See United States v. Taylor*, 933 F.3d 307, 312 (5th Cir. 1991) (assistance provided by standby counsel cannot qualify as the assistance of counsel under the Sixth Amendment). "By exercising his constitutional right to present his own defense, a defendant necessarily waives his constitutional right to be represented by counsel." *Wilson v. Parker*, 515 F.3d 682, 696 (6th Cir. 2008). To the extent standby counsel failed in some manner, the defendant "merely suffered the consequences of his decision to proceed *pro se*." *Id*. at 697. *See also Holmes v. United States*, 281 F. App'x 475, 481 (6th Cir. 2008) ("We will not impose upon stand-by counsel the same obligations that an attorney would have if [petitioner] were not proceeding *pro se*.").

Finally, petitioner alleges that appointed appellate counsel was ineffective because he failed to raise on appeal the issues raised by petitioner in this § 2255 motion, failed to argue the illegal search and seizure issue, and failed to petition for rehearing en banc from the adverse decision of the Sixth Circuit. By pleading guilty, petitioner waived all appellate arguments except for the suppression issue which was reserved in the plea agreement. Counsel was not ineffective for failing to raise on appeal those issued that were waived.

12

Case 3:03-cr-00045 Document 119 Filed 08/31/11 Page 12 of 14 PageID #: 192

*Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (an attorney is not required to raise meritless issues on appeal).

With respect to the suppression issue, petitioner makes the conclusory allegation that appellate counsel "failed to argue the illegal search and seizure in violation of [petitioner's] Fourth Amendment rights under *Terry v. Ohio*, 392 U.S. 1 (1968)." [Court File No. 105, Memorandum of Law in Support of Petitioner's 28 U.S.C. xs 2255 Motion to Vacate, p. 75]. The record, however, belies this claim. Counsel clearly raised on appeal the issue of whether the stop of petitioner's vehicle was legal under *Terry*. The Sixth Circuit considered and rejected the claim of an illegal search and seizure under *Terry*. *United States v. Long*, 464 F.3d at 573-76.

As to petitioner's claim that counsel should have filed a petition for rehearing en banc, a criminal defendant has no right to an en banc hearing. "An en banc hearing or rehearing is not favored and ordinarily will not be ordered unless: (1) en banc consideration is necessary to secure or maintain uniformity of the court's decision; or (2) the proceeding involves a question of exceptional importance." Fed. R. App. P. 35. Petitioner's case would not have been appropriate for en banc review and thus counsel was not ineffective in failing to file a petition for rehearing en banc.

Petitioner has failed to demonstrate ineffective assistance of either standby counsel or appellate counsel under the *Strickland v. Washington* standard. He is not entitled to relief on this claim.

Case 3:03-cr-00045   Document 119   Filed 08/31/11   Page 13 of 14   PageID #: 193

IV. <u>Conclusion</u>

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                          s/ Thomas W. Phillips
                          United States District Judge