UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:03-CR-45-PLR |
| | ) | |
| RICHARD LEE LONG | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's *pro se* motion for sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines [R. 125]. The government has responded that because defendant was sentenced as a career offender, Amendment 782 is inapplicable to reduce his sentence [R. 126].

Defendant was convicted of possession of a firearm after being convicted of a felony, possession with intent to distribute cocaine, and carrying a firearm during and in relation to drug trafficking crimes. Defendant was sentenced to 180 months imprisonment. Defendant's guideline range was not based upon any drug quantity; it was based upon his career offender classification [R. 82]. Because defendant's guideline range was based on a career offender classification, which was not lowered by Amendment 782, defendant is not eligible for a sentence reduction under the Amendment. *See United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010) (a defendant convicted of drug charges but sentenced as a career offender under USSG § 4B1.1 is not eligible for a reduction). Accordingly, defendant's motion for sentence reduction [R. 125] is **DENIED.**

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE